ALPHONSO LINGIS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lingis v. Commissioner
Docket No. 18790-93
United States Tax Court
T.C. Memo 1995-95; 1995 Tax Ct. Memo LEXIS 93; 69 T.C.M. (CCH) 2036; March 6, 1995, Filed *93 For petitioner: Ronald J. Zera. For respondent: Donna P. Leone. RUWE
RUWE
MEMORANDUM OPINION RUWE, Judge: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction as to the taxable years 1989 and 1990. The sole issue for decision is whether the notice of deficiency was mailed to petitioner's "last known address" within the meaning of section 6212(b). [1]
When this matter was called for an evidentiary hearing, the parties informed the Court that they wanted this motion decided on the basis of their stipulation of facts. [2] The stipulation of facts and attached exhibits are incorporated herein by this reference. *94 At the time of filing his petition, petitioner's residence was at 132 1/2 East Prospect Avenue, State College, Pennsylvania 16801. At all times material to this case, petitioner's residence was located at the same East Prospect address. Petitioner used the East Prospect address on his Federal income tax returns for the taxable years 1989, 1990, and 1991. The 1991 return was the last return petitioner filed prior to the time respondent mailed the notice of deficiency. On February 19, 1993, respondent sent an examination report (30-day letter) to petitioner at the East Prospect address. On March 22, 1993, respondent mailed the notice of deficiency by certified mail, addressed to petitioner at his East Prospect address. Petitioner mailed the petition from Thailand on August 23, 1993, and it was filed by the Court on August 27, 1993. It is well established that to maintain an action in this Court there must be a valid notice of deficiency and a timely filed petition. ; . A notice of deficiency is valid when it has been mailed to *95 the taxpayer's last known address. Sec. 6212(a). For a petition to be filed timely, it must be filed within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the date on which the notice of deficiency was mailed. Sec. 6213(a). Petitioner mailed his petition from Thailand 154 days after the date that the notice of deficiency was mailed. Therefore, even assuming that the notice in this case was "addressed to a person outside the United States," petitioner did not timely file his petition. Petitioner contends that respondent failed to send the notice of deficiency to his last known address. In , we stated: For purposes of determining whether a notice of deficiency has been properly mailed to the taxpayer's last known address, * * * a taxpayer's last known address is that address which appears on the taxpayer's most recently filed return, unless respondent has been given clear and concise notification of a different address. * * *
Because petitioner used the East Prospect address on the last return he filed prior to respondent's issuing the notice *96 of deficiency, we must determine whether he provided respondent with clear and concise notification that respondent should use an address different from the East Prospect address. Petitioner did not testify at the hearing. However, in correspondence from petitioner to respondent, petitioner contends that while he was in Brazil, he mailed two letters protesting respondent's 30-day letter. In a letter received by respondent on August 20, 1993, petitioner contended that he had sent a letter on March 15, 1993, protesting respondent's 30-day letter. A copy of the purported March 15 letter was attached. The attached letter indicated that petitioner was in "Brazil on research leave." The attached letter, however, was not dated, no Brazil return address was provided, and petitioner did not request that respondent direct correspondence to him in Brazil. Moreover, this letter was purportedly mailed on March 15, 1993, leaving only 7 days for it to reach respondent before the notice of deficiency was mailed on March 22, 1993. In a letter received by respondent on August 27, 1993, petitioner contended that he had sent a second protest letter (presumably in March or April 1993) after he *97 failed to receive a response to his purported March 15, 1993, letter. Even though this second letter was purportedly mailed "express courier", neither a mailing receipt nor a copy of the letter was produced. Respondent denies receiving either of the protest letters purportedly sent in March/April 1993. Based on the facts presented, we find that respondent mailed the notice of deficiency to petitioner's last known address. The petition was not filed within the time period provided in section 6213(a). Accordingly, we grant respondent's motion to dismiss for lack of jurisdiction. An appropriate order will be entered. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. At the hearing, the Court directed the parties to file post-hearing memoranda. On Dec. 12, 1994, respondent filed a post-hearing memorandum. As of the date of this opinion, petitioner has not filed a post-hearing memorandum. This could be considered to be sufficient grounds for finding that petitioner has abandoned all issues before us. See, e.g., ; . Nevertheless, we will address the issue presented herein.↩